IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 AUG 17 P 1: 51

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| ELLA M. ANDRADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-103 |
| | ) | |
| RONALD STRENGTH, Sheriff or Newly | ) | |
| Elected Sheriff, Law Enforcement Center, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case *pro se* and has been granted permission to proceed *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I.     BACKGROUND

Plaintiff names Ronald Strength, Sheriff of Richmond County, Georgia, as the sole defendant in this action. (Doc. no. 1, p. 1.) Plaintiff alleges that she was involved in an altercation with James Jones, an ex-boyfriend, in November of 1987, and that the results of that altercation were that James Jones was arrested, Plaintiff's daughter was temporarily

removed from Plaintiff's custody, and Plaintiff was charged with a felony for criminal damage to property despite having never been arrested in connection with the incident. (Id. at 3-5.) Plaintiff alleges that, because of that charge, she has been fired from numerous jobs, is presently unable to find employment, and feels "black-listed." (Id. at 5-6.) Plaintiff further appears to attempt to connect that charge to her state of homelessness, an incidence of stolen identity, money being taken from two of her bank accounts, a major car accident, and an inability to fund and receive major surgery at a time when she was dying. (Id. at 6.) Plaintiff alleges that she did not become aware of the felony charge until September of 2011, nearly twenty-five years after the 1987 incident (Id. at 5.) Plaintiff further asserts that "there has been no due process ever." (Id. at 6.) Included with the submitted complaint are Plaintiff's criminal history report as well as a letter from the Office of the District Attorney in Augusta, Georgia, both of which show that Plaintiff was never convicted of any crime and that the felony charge was, in fact, first reduced to a misdemeanor and then, on May 5th, 1988, dismissed. (Id. at 14, 16.)

At no point in the statement of her claim does Plaintiff mention Ronald Strength, the only listed Defendant, nor does she explain his alleged involvement in the events described and her ensuing injuries.

In her request for relief, Plaintiff asserts that she "never knew that [she] had been charged as a convicted felon - or - by the state for criminal trespass." (Id. at 7.) She requests that the Richmond County Courthouse and the Richmond County Sheriff's Office pay her a sum that can be construed as a combination of both compensatory damages, presumably for her lost income and the money she paid to the Georgia Bureau of Investigation for

expungement, and punitive damages. (Id.)

## II. DISCUSSION

### A. No Federal Claim Against Defendant

First, Plaintiff fails to state a claim against the only named Defendant, Ronald Strength. That is, while Plaintiff names Strength in the caption of her complaint, she does not assert any allegations of wrongdoing regarding Strength in the body of her complaint, and in fact does not mention his name anywhere in her statement of claims.

"Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any causal connection between Defendant's actions and any alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against Defendant. Plaintiff's complaint is subject to dismissal on this basis alone.

Moreover, even if Plaintiff had mentioned Defendant Strength in her statement of the

claim, and even if Plaintiff had properly alleged a violation of a federal right,[1] any such federal claim would be barred by the statute of limitations. Plaintiff's claims stem from a November 1987 event during which she was allegedly deprived of certain rights and denied due process. State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims must be brought within two years of their accrual. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff knew or should have known of the injury alleged in her complaint, that she was charged with a felony, when the injury occurred in 1987. A person with a "reasonably prudent regard for [her] rights" would have been aware of the disposition of the 1987 incident: namely, that the charge had been made, was reduced to a misdemeanor, and was subsequently dismissed. The fact that Plaintiff was allegedly made aware of the fact of that charge in September 2011 during a job interview does not negate the fact that it *should have* been apparent to her many years before that interview. Plaintiff cites employment difficulties dating back to at least 2002, and should have at the very latest discovered the existence of the charge

---

[1]As discussed in more detail in Part II. B., Plaintiff has only cited state law in support of her claims.

4

at that point, assuming that her employment difficulties did indeed relate to the charge as alleged. (Doc. no. 1, p. 5.) Plaintiff's claims are thus subject to dismissal as time barred.

## B.    State Law Claims

As explained above, Plaintiff has failed to state a federal § 1983 claim against the Defendant named in this action. Plaintiff's other claims, libel and criminal defamation, arise under the Official Code of Georgia ("O.C.G.A."), and are thus properly classified as state law claims.

This Court derives its authority to decide Plaintiff's federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."[2] Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

---

[2]Moreover, Plaintiff has not alleged that her citizenship is diverse from the citizenship of Defendant (i.e., citizens of different states) for purposes of 28 U.S.C. § 1332. Although Plaintiff claims an amount in controversy of at least $75,000, without diversity of citizenship, her state law claims of libel and criminal defamation are not actionable in this Court. See 28 U.S.C. 1332; see also Federated Mut. Ins. Co. V. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Circ. 2003) ("Federal courts are courts of limited jurisdiction.").

At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims arguably serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if she chooses, pursue them in state court.

## III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, that Plaintiff's state law claims be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of August, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE